Nov. Term, 1850.

THE STATE v. McCORMACK.

---

THE STATE *v.* McCORMACK.

In an indictment against a justice, for failing to make out and file in the clerk's office a list of all the fines, &c., assessed by him, it is not necessary to state the names of the persons against whom the fines had been assessed.

An indictment must be as certain as a declaration; for all rules in civil pleading apply to criminal accusations.

It is a rule that where a subject comprehends multiplicity of matter and a great variety of facts, there, in order to avoid prolixity, the law allows general pleading.

ERROR to the *Fountain* Circuit Court.

*Wednesday. November 27.*

PERKINS, J.—*McCormack*, an acting justice of the peace, was indicted for failing to make out and file in the clerk's office a list of all the fines, &c., assessed by him, since, &c., he having assessed upon, and collected of, divers persons, a large amount, to-wit, &c. The Court quashed the indictment because it did not contain the names of the persons against whom the fines had been assessed, and the state prosecutes this writ of error.

The provisions of the statute creating the offence charged are as follow: Section 41, p. 1009. "Each

justice of the peace shall make out and file in the office of the clerk of the Circuit Court of the county in which such justice resides, on the first day of each term of such Court, a list of all fines and penalties assessed by him, or collected of any individual whatever, since the commencement of the last preceding term of such Court; and also a succinct statement in writing of every case tried before him for any criminal offence or petit misdemeanor, specifying therein the name of the person tried, for what offence, when committed, and the result of such trial." Section 83, p. 977, enacts that "any clerk of the Circuit Court, constable, coroner, sheriff, justice of the peace," &c., "who shall be guilty of manifest and wilful negligence," &c., "to the injury," &c., "shall, upon conviction thereof, be fined," &c.

By these provisions of the statute it appears that the offence consists in failing to file the list spoken of, and that the aggregate of all the cases which should be and are not filed in such list for the specified period, but go to constitute it. They, be they more or less, are the particulars of that one offence. It is immaterial, as an ingredient of it, what the names of the cases were, nor is it important in the identification of the offence, for the period of time during which it must have been committed, and in which but one of the particular character could have been committed, performs that office. It is not like cases of retailing, for in those, each act of selling is indictable, and it is important, therefore, that the name of the person to whom, in each case, the sale takes place, should be stated, to distinguish, to identify, the particular case, that the culprit may not be punished more than once for a single offence.

We think the present more properly falls within that class of cases where the particular facts are regarded as matters of evidence, and need not be minutely described in the charge. *Chitty*, in his Criminal Law, vol. 1, p. 171, in speaking of the degree of certainty required in indictments, says: "The cases of an indictment for being a common scold, or barrator, or for keeping a disorderly

house, or a common gambling house, may be considered as exceptions to the general rule, but they differ materially from prosecutions for offences which consist of individual acts, as the very ground of complaint in these peculiar cases consists of a series of transgressions. An indictment for endeavoring to incite a soldier to commit an act of mutiny, or a servant to rob his master, without stating the particular means adopted, may also be considered an exception."

*Barbour*, in his treatise on criminal law, says an indictment "ought to be as certain as a declaration, for all rules in civil pleadings apply to criminal accusations. 2 Stra. 904." And in civil cases, "it is a rule that where a subject comprehends multiplicity of matter, and a great variety of facts, there, in order to avoid prolixity, the law allows general pleading. Thus an allegation in a declaration for necessaries supplied to a third person, at the defendant's request, or in a replication to a plea of infancy, that necessaries were supplied, is sufficient, without showing what the necessaries were. And in charging in a declaration that a party has not accounted for sums he received in any particular capacity from time to time, it is sufficient to allege generally, that, from time to time, he received divers sums, amounting to a certain sum, not stating on what particular days, or from named persons, and hath not accounted," &c. Chitty's Pl. vol. 1, p. 235. We do not see that injury can result to the defendant in the application of this rule to the case before us. He cannot be taken by surprise. The facts, or fact, constituting the offence, and the means of proof, must lie peculiarly within his own knowledge, and it would seem a difficult thing for the state to make out a case falsely against him. While, to require the state to be more particular, would expose her to the risk of variances on the trial, facilitating, unnecessarily, the escape of the guilty.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler*, for the state.
*W. H. Mallory*, for the defendant.