SMITH ET AL. *v.* STATE OF INDIANA.

[No. 24,604.   Filed May 18, 1927.]

1. INDICTMENT AND AFFIDAVIT.—*Requirements of indictments and affidavit.*—An indictment must allege facts sufficient to state each element of the offense charged, and with such particularity that the accused may know from the pleading the nature and character of the accusation against him, but this rule applies only to the essential elements of the offense. p. 220.

2. INTOXICATING LIQUORS.—*Essential elements of offense of receiving intoxicating liquor from carrier.*—The essential elements of the offense of receiving intoxicating liquor from a carrier, as defined in §15 of the prohibition act of 1917 (Acts 1917 p. 15, §8356o Burns' Supp. 1921) were intoxicating liquors, receiving them, and from whom received,

not mentioning the other elements of the crime relevant to jurisdiction, etc., which are common to all indictments and affidavits. p. 220.

3. INTOXICATING LIQUORS.—*Necessary proof in prosecution for receiving intoxicating liquor from carrier.*—In a prosecution for receiving intoxicating liquor from a carrier, as prohibited by §15 of the prohibition law of 1917 (Acts 1917 p. 15, §8356o Burns' Supp. 1921), it was essential to prove, as an essential element of the offense, that the agency that brought or conveyed the liquor to the one who received it was a carrier. p. 220.

4. INDICTMENT AND AFFIDAVIT.—*Necessary to plead ultimate facts only.*—In an indictment or affidavit, it is necessary only to plead ultimate facts, and evidentiary facts need not be pleaded. p. 220.

5. INTOXICATING LIQUORS.—*Indictment charging receipt of liquor "from common and other carrier," etc., charged but one offense.*—An indictment charging the accused with receiving intoxicating liquor "from a common and other carrier," etc., in violation of §15 of the prohibition law of 1917 (Acts 1917 p. 15, §8356o Burns' Supp. 1921), charged but one offense and did not charge the receipt of liquor from two different carriers. p. 220.

6. INTOXICATING LIQUORS.—*Indictment charging receipt of intoxicating liquor from a "carrier" sufficient without designating kind of carrier.*— In charging the offense of receiving intoxicating liquor from a carrier, as defined in §15 of the prohibition law of 1917 (Acts 1917 p. 15, §8356o Burns' Supp. 1921), it was necessary only to allege that the defendant received such liquor from a carrier, without specifying the particular kind of a carrier. p. 220.

7. INTOXICATING LIQUORS.—*Evidence necessary in charge of receiving intoxicating liquor from a "common and other carrier."*—While an indictment charging receiving intoxicating liquor from a "common and other carrier" might have been construed to charge the receiving such liquor from both a common and other carrier, it would not be necessary to sustain a verdict of guilty under such charge to prove a receiving from all classes of carriers, nor would there be a variance if the evidence only showed a receiving from one carrier. p. 221.

8. INTOXICATING LIQUORS.—*Instructions as to receiving intoxicating liquor from a "common or other carrier."*—In a prosecution under the prohibition law of 1917 (Acts 1917 p. 15, §15, §8356o Burns' Supp. 1921) for receiving intoxicating liquor from a carrier, where the indictment charged receiving such liquor from a "common and other carrier," instructions that the defendants were charged with receiving liquor from a common *or* other carrier were not misleading and, therefore, not prejudicial. p. 221.

9. CRIMINAL LAW.—Instruction fully covered by instructions given was properly refused. p. 222.

10. INTOXICATING LIQUORS.—*Proof necessary in charge of receiving intoxicating⚫liquor from carrier.*—A necessary element which must

be proved in a prosecution for receiving intoxicating liquor from a carrier under the prohibition law of 1917 (Acts 1917 p. 15, §15, §8356o Burns' Supp. 1921) is that the liquor was received from a common or other carrier. p. 224.

11. INTOXICATING LIQUORS.—*Evidence held insufficient to sustain conviction for possessing intoxicating liquor received from a carrier.*—In a prosecution under the prohibition law of 1917 for possessing intoxicating liquor received from a carrier, the evidence was held insufficient to sustain a conviction where there was an entire absence of evidence to show that the party that sold the liquor to defendants from a vehicle was a carrier of such liquor. p. 224.

From Fayette Circuit Court; *Will M. Sparks*, Special Judge.

Cecil Smith, Lilly Smith and Hiram Friend were convicted of receiving intoxicating liquor from a carrier, and possessing the same, and they appeal. *Reversed.*

*Wiles, Springer & Roots, G. Edwin Johnston* and *Alonzo Blair*, for appellants.

*U. S. Lesh, Attorney-General, Arnet B. Cronk* and *Carl Wilde*, for the State.

TRAVIS, J.—Appellants were jointly charged, by indictment in two counts, that they did; (1) Unlawfully receive "intoxicating liquors, to wit: white mule whisky, from a common and other carrier," etc., and; (2) unlawfully possess "intoxicating liquor, to wit: white mule whisky received from a common and other carrier," etc. (Acts 1917, ch. 4, §15). Motions to quash the indictment, which were based upon the second and fourth grounds therefor of the statute (§2227 Burns 1926) were overruled. Defendants were tried by a jury upon pleas of not guilty, and verdicts of guilty found. This appeal is by all defendants from the judgments upon the verdicts. The separate and several motion for a new trial, based upon the insufficiency of the evidence to sustain the verdict; that the verdict is contrary to law; and upon the court's refusal to give instructions, and for giving instructions to the jury, was overruled. Complaint is made

upon appeal for error in overruling defendants' motion to quash the indictment, and the motion for a new trial.

Appellants' proposition concerning the indictment is, that each count thereof fails to disclose the name or names of the common and the other carrier or carriers from whom appellants received the liquor; and that, as the indictment stands, the allegation that the receiving was from carriers, not naming them, is a mere conclusion.

The offenses, as charged, are in the language of the statute. An indictment must allege facts sufficient to set forth each essential element of the offense charged, and with such particularity that those accused may know from the pleading the nature and cause of the accusation against them. This rule applies only to pleading the essential elements of the offense. The essential elements of the offense here sought to be charged are: (1) Intoxicating liquors; (2) receiving; (3) from whom received; not mentioning other elements of the crime, which concern jurisdiction, etc., and which are formal and common to all indictments. It is not enough to convict of offending this statute, to prove that the defendant received the liquor, but it also must be proved that he received it from a carrier. It is necessary to prove as an essential element of this offense that the agency that brought or conveyed the liquor to the one who received it is a carrier. Appellants are complaining because the name of the actual carrier is not pleaded. This would not end their troubles, for that path leads unerringly to the pleading of facts which establish the delivering agency to be a carrier. To end the discussion, it is only necessary to invoke the rule that, even in criminal pleading, only ultimate facts, and not evidentiary facts, need be pleaded. *State* v. *McCormack* (1850), 2 Ind. 305; *Brunaugh* v. *State* (1910), 173 Ind. 483, 505, 90 N. E. 1019; *Scherer* v. *State* (1919), 188 Ind. 14, 121 N. E. 369.

The ultimate fact here, concerning this element of the offense, is the receipt of the liquor from a carrier—either a common carrier, a private carrier, or a mandatory. The evidentiary facts necessary to prove that the agency was a carrier, to sustain a verdict of guilty, need not be pleaded. There is no merit in appellant's proposition that defendants received the liquor from two carriers, both from a common and other carrier, as charged by the indictment. Only one offense is charged or defined by the statute, in so far as the kind of carrier is concerned. To charge the offense, it was necessary only to allege that defendant received the intoxicating liquor, or that he possessed such liquor, received from a carrier, without specifying the carrier's categorical classification. So, the offense charged here, amounts only to receiving from, or possessing such liquor received from, a "carrier."

The language of the indictment, which lays a receiving and possession of such liquor from both a common and other carrier, is inclusive, and comprehends all classes of carriers; but it does not follow that to sustain a verdict of guilty under this charge, there must be sufficient evidence to sustain a receiving from all classes of carriers. The language of the allegation is not subject to be challenged because of a variance between the crime as charged and the evidence, as might be the case if a particular common carrier were named in the indictment, and there was a lack of evidence to sustain that allegation. The indictment is sufficient to withstand the motion to quash.

Appellant complains of instructions one and two, because they are each "incorrect and misleading," and therefore prejudicial. Under this proposition, the points are made that neither of the instructions is relevant to the issues, and cannot be applicable to the evidence, for the reason that the indictment, in each count thereof, charges a receipt of the liquor from

two carriers, and the instructions are that the defendants stand charged with receiving such liquor from a common *or* other carrier. The objection rests upon the variance between the language of the indictment and that of the instructions. The language of the instructions would have been sufficient if each one had stated that each of the defendants stands charged with the crime of receiving such liquor from a *carrier*, without further limitation; but the instructions, by stating the offense in the language of the statute could not mislead the jury, in the particular manner stated, and therefore were not prejudicial.

Appellants' instruction No. 11 was fully covered by instructions given by the court, and was properly refused. *Pocker* v. *State* (1926), 197 Ind. 599, 150 N. E. 408.

9. Appellants maintain that the verdicts are not sustained by sufficient evidence, and are contrary to law. The proposition presented is, that there is an entire absence of evidence to prove the material averments in both counts of the indictment that appellants, or either of them, received the liquor from either a "common carrier," or from an "other carrier." A material element of the offenses charged is that the liquor was received from a common or other carrier. The term "common carrier" has a well-defined meaning, and so has the term "private carrier." But, generally, carrier is defined as one (whether a single person, a group of persons, or a corporation) employed in, or engaged in the business of carrying goods for others for hire. (Webster's New International Dictionary, 1925) Although it is generally understood that a private carrier is one who carries for hire, the exact definition is not so limited.

A *mandatory* (a person who undertakes gratuitously to carry goods for another) was known to the civil law as a carrier, and was so recognized by the common law. This recognition is shown by the rule, that such a carrier is liable in damages for mis-feasance. Story, Bailments

(8th ed.) §§165-173; Hutchinson, Carriers (3d. ed.) pp. 2, 3; Angell, Carriers (4th ed.) p. 1; 2 Parsons, Contracts (9th ed.) pp. 172, 173; 1 Moore, Carriers (2d ed.) §5; 2 Am. & Eng. Ency of Law (1st ed.) p. 771.

It is significant that the most outstanding case in legal history, and the case which first recognized a carrier without hire under the common law, to be liable for gross negligence, (*Coggs* v. *Bernard*, [1701] 2 Raymond's Rep. 909; 1 Smith, Leading Cases [12th Am. ed.] 96), is a case concerning intoxicating liquor. Bernard undertook to take up several casks of brandy then in a cellar and to lay them down again in a certain other cellar, and in performing the work, one of the casks was staved, and a great many gallons of brandy were spilt. In the case of *Poe* v. *State* (1921), 190 Ind. 356, 130 N. E. 405, "carrier" is held to include one who carried without hire. This case held further that "other carrier" does not comprehend one who is the carrier of his own liquor.

The evidence in this case concerning Hiram Friend, to prove that the liquor was received from a carrier, was the testimony of several police officers. They testified that when the liquor was found in the dwelling house occupied by defendants, Cecil Smith and his wife Lilly Smith, appellant Friend then told them that the liquor was his property; that he purchased it from a man who accosted him in the street from his vehicle, which resulted in its purchase by him; and that Friend then directed the vendor to deliver it in the garage on the alley in the rear of the premises; and that, after it was so delivered, Friend, unknown to Smith and his wife, secreted the liquor in the dwelling house in his room, which he rented from Smith, and of which room he took entire charge and care. Who the man was, who sold the liquor to Friend, was not shown by evidence. Neither was his name, nor his business, nor whether he was the owner of the liquor, or that some other person owned it, shown

by evidence. There is no evidence from which it might be inferred that the vendor was a carrier.

Concerning appellant Lilly Smith, the judge of the Fayette Circuit Court, who was disqualified to sit as judge in the trial of this case, upon an application for change of venue from him, testified that he called appellant Cecil Smith by telephone and asked him to come to the court-room for a conference concerning some matters that had occurred at a trial before him the previous day. The conference occupied the whole afternoon. In the course of this conference the appellant husband, in reply to the accusation by the witness judge that "I know for two or three reasons, and you can't deny that you got it (liquor) from Jess Garner," denied the accusation, and replied that, "You (the judge) got that wrong, but that is where the old woman gets hers, but I would not buy of him." This is as near as the evidence came to prove that the appellant wife received the liquor in question; and also to prove that the person from whom she received it had ever carried it. Concerning appellant Cecil Smith, there is no evidence that he received the liquor from anyone, a carrier of any of the several kinds known to the law, or as commonly understood. Inasmuch as receiving the liquor from a *carrier* is an element of the offense, it was necessary to sustain it by competent evidence. There is a failure of proof of this ultimate fact. The verdicts therefore are not sustained by sufficient evidence, and the verdicts are contrary to law. It was error to overrule appellants' separate and several motion for a new trial.

It has been suggested to the court that appellant Hiram Friend died June 21, 1925.

The judgment against Hiram Friend is reversed as of the date of the judgment.

The judgments against Cecil Smith and Lilly Smith

are reversed and remanded, and the Fayette Circuit Court is ordered to sustain appellants' Cecil Smith's and Lilly Smith's motion for a new trial.