## VOYLES ET AL. *v.* STATE OF INDIANA.

[No. 25,067.    Filed March 5, 1929.]

*Elliott & Houston,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* Deputy Attorney-General, for the State.

MYERS, J.—Appellants were charged by affidavit and

convicted by a jury, on change of venue in the Orange Circuit Court, of using dynamite in the waters of the South Fork of Blue River in Washington County, Indiana, in violation of §2834 Burns 1926, Acts 1905 p. 584, §624.

The attorney-general, before filing a brief upon the merits of this cause, moved to dismiss this appeal on the ground that appellants had failed to index their transcript and to make marginal notes in compliance with Rule 3 of this court. Thereafter, upon application, the court permitted appellants to correct these defects, which was accordingly done in substantial compliance with the rule. The motion to dismiss is overruled.

A motion to quash the affidavit and a motion for a new trial were each overruled, and these rulings are assigned as errors.

The point made against the affidavit is that it fails to state facts sufficient to constitute a public offense, in that there is no crime known to the law of using dynamite for the purpose of killing and injuring fish. The statute, §2834, *supra*, provides that "Whoever uses dynamite or other explosive in any of the waters of this state, except for mining or mechanical purposes, by special permission of the commissioner of fisheries and game, or his chief deputy, shall, on conviction," etc.

The affidavit, in so far as the same is material here, charged that on April 13, 1924, these appellants "unlawfully put into the waters of the South Fork of Blue River, in Washington County, in the State of Indiana, certain explosive matters, to wit: dynamite; that said dynamite was not then and there put into the said waters for mining or mechanical purposes, but was so placed with intent then and there and thereby to cause the same to explode within said waters, for the unlawful purpose and with the unlawful intent thereby to kill and injure the fish in said water." Then follows the allegation

that the dynamite was placed in said waters without permission of the commissioner of fisheries and game, or his chief deputy.

The essence of the offense charged was the use of dynamite in the waters of the South Fork of Blue River, not for mining or mechanical purposes, without a permit from one authorized to grant it. The object of such use stated in the affidavit was, in effect, a denial of its authorized use. A statement of facts necessary to show a violation of a criminal statute, clearly set forth in plain and concise language "with such a degree of certainty that the court may pronounce judgment upon a conviction according to the right of the case," is all that our criminal code requires. §2224 Burns 1926. But the pleader, having alleged the fact in question, assumed the burden of proving it.

Appellants also assert that the allegation in the affidavit showing the purpose for the use of the dynamite was surplusage and of such a character that tended to prejudice their substantial rights, and, for that reason, their motion to quash should have been sustained, citing *Torphy* v. *State* (1918), 187 Ind. 73, 118 N. E. 355. A mere reference to that case will distinguish it from the case at bar. It was there stated that appellant had previously been convicted of a similar offense, which had no connection whatever with the statute alleged to be violated. This court held that while the statement was surplusage, yet it was prejudicial, and a motion to strike it out should have been sustained. The writer of this opinion was then under the impression that the indictment was subject to a motion to quash for uncertainty. Section 2065, cl. 4, Burns 1914, but reported in the official volume as §2063, cl. 10.

If it be conceded that had the affidavit in the instant case omitted the allegation of the object to be attained

by the use of the dynamite, it would have been sufficient as against a motion to quash, still, in our judgment, the challenged allegation did not inject into the affidavit an independent or collateral fact improper for the jury to consider. According to the statute, the legislature evidently had in mind practices in the use of dynamite in the waters of this state which it sought to prohibit. It knew and we know from common knowledge that fish is the principal life of such waters, and that explosions from dynamite are exceedingly destructive of such life. So that the legislature, in order to stop this evil, placed these waters, as to explosives, under the supervision of the commissioner of fisheries and game. That fact alone is very persuasive of the legislative thought, and one purpose at least was to protect the fish from the wanton and disastrous results from the use of "dynamite or other explosives."

It is insisted that the motion for a new trial should have been sustained for the reason that the verdict of the jury is not sustained by sufficient evidence, and therefore it is contrary to law. Appellants have not called our attention to any essential allegation of the affidavit which they claim is not supported by the evidence, as it is their duty to do if they would have a new trial for want of evidence. However, we have read the evidence recited in their brief, without being able to select a single ultimate fact not supported by evidence.

Judgment affirmed.