CHAMBERS *v.* STATE OF INDIANA.

[No. 26,793. Filed October 26, 1937. Rehearing denied November 22, 1937.]

*Robert L. Hanna* and *Jenkins & Jenkins,* for appellant.

*Omer S. Jackson,* Attorney-General, and *A. J. Stevenson,* Assistant Attorney-General, for the State.

TREMAIN, J.—Appellant was charged by affidavit with perjury, alleged to have been committed in Carroll County, Indiana, on the 29th day of November, 1935. A motion to quash was filed upon the grounds: (1) That the facts stated did not constitute a public offense, and (2) the offense was not stated with sufficient certainty. The motion was overruled, trial by jury, conviction, and judgment.

The affidavit charged that on the date and in the circuit court of the state and county above named, a certain action was pending against appellant charging the offense of automobile banditry; that at the trial thereof, the state introduced in evidence a written confession executed by appellant, attested by three witnesses, in which he stated that on the night of April 21, 1935, in company with other confederates, he went to the farm of one Cook and loaded sixteen of Cook's hogs onto a truck, drove to a market, and sold them for $301.10. It is averred that during the trial appellant was sworn as a witness and testified in his own behalf; that he denied that he executed said written instrument voluntarily and freely; that it was executed under duress and threats of bodily injury, and upon a promise that he would be given a suspended sentence; that his testimony upon said trial was willfully and falsely given; that he testified that he was not guilty and would not have signed said written instrument except for such threats and promises, the details of which are fully set out in the affidavit. It is further alleged that the appellant's testimony upon said trial was not true, and by reason of such willful, false, and corrupt testimony he was guilty of perjury.

The correctness of the ruling of the court upon the motion to quash is assigned as error. It is claimed that

the affidavit is bad for duplicity and placed an undue burden upon the appellant by reason of the fact that the alleged written confession was set out in full in the body of the affidavit. It is contended that the alleged confession constituted an improper historical background and bore no relation to the crime of perjury; that the alleged confession was nothing more than an item of evidence to be introduced upon the trial in its proper and due course.

The affidavit sufficiently charges that the appellant was sworn as a witness and testified in his own behalf upon the charge of stealing hogs; that in such testimony he made false statements concerning the circumstances under which he signed the confession. The several false statements, embraced in the affidavit, were the basis for the charge of perjury. This fact does not make the affidavit bad for duplicity. In *Brogan* v. *State* (1927), 199 Ind. 203, 156 N. E. 515, a similar question was before the court. In passing upon the question, the court used the following language (pp. 204-205):

"It is claimed by appellant that the amended affidavit alleged four distinct offenses, and, therefore, was bad for duplicity. An indictment or affidavit is not bad for duplicity for joining in one count, as one offense, offenses committed at the same time by the same person as parts of the same transaction, and subjecting defendant to the same punishment."

This court considered the question in *Selby* v. *State* (1904), 161 Ind. 667, at page 672, 69 N. E. 463, and quoted from Bishop's Criminal Procedure, Vol. 1 (3d ed.) §436:

" 'Now, if, in a single transaction, he does all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore an indictment upon a statute of this kind may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the con-

junction *and* where the statute has *or*, and it will not be double, and it will be established at the trial by proof of any one of them.' "

This is a rule generally recognized and supported by many authorities, some of which are *Woodward* v. *State* (1926), 198 Ind. 70, 152 N. E. 277; *Knopf* v. *State* (1882), 84 Ind. 316; *Davis* v. *State* (1885), 100 Ind. 154; *Myers* v. *State* (1907), 169 Ind. 403, 82 N. E. 763. The affidavit charges but one offense—perjury—and is not bad for duplicity.

The appellant contends that the affidavit is objectionable for the reason that the alleged written confession is incorporated therein. This court on several occasions has held that an indictment or affidavit is not subject to a motion to quash because it contains evidentiary matters; that such matters will be treated as surplusage, and are not prejudicial to the rights of the defendant, unless they are wholly foreign to the subject-matter of the indictment or affidavit. *Stephenson* v. *State* (1933), 205 Ind. 141, 179 N. E. 633, 186 N. E. 293; *Voyles* v. *State* (1929), 200 Ind. 531, 165 N. E. 322.

In the Voyles case reference was made to *Torphy* v. *State* (1918), 187 Ind. 73, 118 N. E. 355, and said (p. 533) :

"A mere reference to that case will distinguish it from the case at bar. It was there stated that appellant had previously been convicted of a similar offense, which had no connection whatever with the statute alleged to be violated. This court held that while the statement was surplusage, yet it was prejudicial, and a motion to strike it out should have been sustained."

The court then held the affidavit in the Voyles case, in which matters constituting surplusage were averred, sufficient as against a motion to quash, since the matter averred did not inject into the affidavit an independent or collateral fact improper for the jury to consider.

Section 9-1127 Burns' Ind. St. 1933, §2206 Baldwin's Ind. St. 1934, provides that:

> "No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding be stayed, arrested or in any manner affected for any of the following defects: . . .
> "Sixth. For any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged."

*Foust* v. *State* (1928), 200 Ind. 76, 161 N. E. 371; *Berry* v. *State* (1930), 202 Ind. 294, 165 N. E. 61, 173 N. E. 705; *Myers* v. *State, supra.*

These authorities and others recognize the rule in the civil practice as applicable to criminal procedure to the effect that a motion to strike out the surplusage is proper. In *Gallaher* v. *State* (1885), 101 Ind. 411, it was held that such motion was not recognized by the rules of practice in criminal cases. In *Torphy* v. *State, supra,* the rule announced in the Gallaher case is repudiated by the following language (p. 76):

> "The decision in the Gallaher case on the present question of practice is therefore disapproved, and in this case the action of the trial court in overruling appellant's motion to strike out is held to constitute reversible error."

In the case at bar the written confession of the appellant constituted a proper item of evidence to be introduced by the state, and when introduced would be before the jury for consideration. The affidavit charges in detail a denial by appellant of the truth of the statements contained in the confession, and charges that the appellant's denial constituted the perjury. Therefore, the written confession is directly connected with and involved in the charge of perjury. In some of the cases cited in this opinion, matters entirely foreign to the charge were pleaded, and the court held that such mat-

ters vitiated the affidavit, or constituted grounds to strike out upon motion. It cannot be said that the affidavit fails to state a public offense with sufficient certainty because it contains a copy of the said written confession. No motion to strike out was filed.

The appellant undertakes to present other questions involving the evidence and the instructions. He was granted ninety days in which to file a bill of exceptions. The record affirmatively shows that the bill was not filed until the ninety-first day. Under the well established rule of this court, the bill of exceptions cannot be considered.

Finding no error, the judgment of the lower court is affirmed.