STATE OF INDIANA *v.* JARBOE.

[No. 29,748.  Filed March 30, 1960.]

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General and *Q. Herbert Roberts, Jr.,* Prosecuting Attorney, of Evansville, for appellant.

*Marion J. Rice, Jack N. VanStone, Larry W. Shreve* and *Wilbur F. Dassel,* of Evansville, for appellee.

LANDIS, J.—The State of Indiana has appealed to this Court[1] from a judgment of the Vanderburgh Circuit Court for the appellee on the sustaining of appellee's motion to quash an indictment for solicitation of a bribe. The State contends on this appeal that the indictment was sufficient as against appellee's motion to quash and that the court therefore erred in its ruling.

The pertinent portions of the indictment are:

". . . that Richard J. Jarboe on or about . . . then and there serving as the duly qualified and appointed *secretary to the Water Works Board of the City of Evansville,* State of Indiana, which said Water Works Board of the City of Evansville, State of Indiana, *was then and there acting as agent for the Board of Public Works of the City of Evansville,* Indiana, did then and there unlawfully and feloniously solicit money in the sum of Three Thousand ($3,000) in lawful and current money of the United States of America from one Donald Davis and did unlawfully, feloniously and corruptly promise the said Donald Davis that upon the payment of the sum of Three Thousand Dollars ($3,000) to the said Richard Jarboe, he the said Richard Jarboe, would, *by the use of his influence derived from his official office in the City Administration of the City of Evansville,* Indiana, guarantee that the application for permission to connect certain sewage lines in a real estate development then and there known as Lawndale, located in Vanderburgh County, Indiana, with the sewage lines owned, operated and maintained by the Board of Public Works of the City of Evansville, Indiana, would be approved for

1. See Burns' §9-2304 (1956 Replacement), being Acts 1905, ch. 169, §325, p. 584; 1955, ch. 315, §1, p. 968.

the said Donald Davis, contrary. . . ." (Emphasis added.)

Appellee's motion to quash alleged:

"1. That the grand jury which found the indictment had no legal authority to inquire into the offense charged.

"2. That the facts stated in the indictment do not constitute a public offense.

"3. That the indictment does not state the offense with sufficient certainty."

The offense attempted to be charged in this case is based on the following statute: Burns' §10-601 (1956 Replacement), being Acts of 1905, ch. 169, §477, p. 584, which so far as pertinent is as follows:

". . . whoever, being a . . . person holding any office of trust or profit under the laws of this state, . . . either before or after his election, qualification, appointment or employment, solicits or accepts any such money, promise or valuable thing, *to influence him with respect to his official duty,* or to influence his action, vote, opinion or judgment *in any matter pending or that might legally come before him,* shall, on conviction, . . ." (Emphasis added.)

Because of the result we have reached on this appeal it will only be necessary for us to consider (3) of the motion to quash, viz.: "that the indictment does not state the offense with sufficient certainty."

In the italicized portion of the indictment above, it is alleged appellee was the secretary of the Water Works Board of the City of Evansville, that he was acting as agent for the Board of Public Works of the City of Evansville, and that he promised upon the payment of $3,000 he would by the use of his influence from his official office in the City Administration of the City of Evansville guarantee to connect certain sewer lines.

Appellant has conceded in its brief that appellee as secretary of the Water Works Board had no power or jurisdiction over the matter of granting permits to connect sewer lines.[2] However, the bribery statute above set out only pertains to a public official who "solicits or accepts . . . money, promise or valuable thing, to influence him *with respect to his official duty*, or to influence his action, vote, opinion or judgment *in any matter pending or that might legally come before him."* (Emphasis added.)

Appellant contends that there is no statutory prohibition against the *Board of Works,* which had authority over the granting of permits to connect sewer lines, preventing it from allowing another, to-wit: a member of the Water Works Board from acting as agent for it (the Board of Works), thus circumventing the objection to a prosecution of a member of the Water Works Board under the above statute.

However, it should be noted the indictment charges appellee merely with the "use of his influence derived from his *official office in the City Administration* of the City of Evansville." (Emphasis added.)

We do not believe this is a sufficiently certain averment of the requirement of the above statute that the solicitation be to influence another with reference to his official duty or to influence him in a pending matter or one that could legally come before him. What office was his official duty in the instant case connected with? Appellant concedes it had to be that as agent of the Board of Works, although he was actually a member of the Water Works Board. But the point is he is charged with something else, to-wit: the

---

2.- See Burns' §48-4339 (1950 Replacement), being Acts 1949, ch. 179, §3, p. 596; Burns' §48-1902 (1950 Replacement), being Acts 1905, ch. 129, §93, p. 219; 1909, ch. 188, §8, p. 454; 1913, ch. 85, §1, p. 253.

use of influence derived from his official office in the City Administration of the City of Evansville. What that office is, is not stated. As far as the indictment is concerned it might be for any third office in the city hall of the City of Evansville. The looseness with which this indictment was drafted cannot meet the test that an accused is entitled to have the charge against him stated with such certainty as will enable him to distinguish it from any other violation of the same statute, and to know not only that he is charged with a public offense, but also the particulars thereof so that he may be able to anticipate the proof and make a defense, if he has one. *Mayhew* v. *State* (1920), 189 Ind. 545, 128 N. E. 599; *Smith* v. *State* (1927), 199 Ind. 217, 156 N. E. 513; *Large* v. *State* (1928), 200 Ind. 430, 164 N. E. 263; *Voyles* v. *State* (1929), 200 Ind. 531, 165 N. E. 322.

We fully appreciate that bribery and corruption are degrading and demoralizing offenses which strike at the very basis of the good of society and should not be tolerated in a civilized community. It would be the farthest from our intentions to condone in any respect any such conduct. But the fact remains we cannot re-write the Indiana statute under which appellee was prosecuted in the court below. That statute plainly requires a solicitation or acceptance of something of value to influence the solicitor with respect to his official duty, or in order to influence his action or opinion in a matter pending or that might legally come before him.

We have no way of knowing from an examination of the loosely worded indictment in the case before us, what office the alleged influence was connected with, and we therefore must conclude that the lower court committed no error in sustaining appellee's motion to quash upon the ground of insufficient certainty.

.The judgment is affirmed.

Arterburn, C. J., and Jackson and Bobbitt, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 165 N. E. 2d 765.