AULT *v.* STATE OF INDIANA.

[No. 30,931. Filed February 7, 1968.]

*Robert G. Mann,* and *Bolden and Mann,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Charles J. Deiter,* and *Robert F. Hassett,* Deputy Attorneys General, for appellee.

JACKSON, J.—This matter comes here on an appeal from a judgment of conviction based on an affidavit charging appellant with the crimes of Contributing to the Delinquency of a Minor and Abuse of Child. The aforesaid crimes are defined by Acts 1945, ch. 218, p. 1011, as amended, being § 10-812 et seq. Burns'. The said causes were tried to the court without the intervention of a jury.

The affidavit charging appellant reads in pertinent part as follows, to-wit:

"Ruth Bader, being duly sworn upon her oath, deposes and says she is informed and believes that Connie Lou Ault late of Marion County, Indiana, did on or about the 10th day of November, 1964, within said county and state, unlawfully commit an act of contributing to delinquency of a minor and abuse of child against the following child Judy Kay Vickery, age 15 yrs., a minor female under the age of 18 years, as defined in the statute in such case provided, in this to-wit:

Count No. 1—By knowingly and wilfully encouraging said minor to be guilty of immoral conduct, to-wit: To engage in acts of sexual intercourse with men for hire.

Count No. 2—By knowingly and wilfully encouraging said minor to be guilty of immoral conduct, to-wit: To engage in acts of sodomy with men for hire.

Count No. 3—By knowingly and wilfully permitting said minor to remain in a house of prostitution, knowing it to be such.

Count No. 4—By knowingly and wilfully performing an immoral act in the presence of said child that may tend to endanger the morals of said child, to-wit: To perform acts of sodomy with males,

contrary to the form of statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The appellant filed her Motion to Quash the above affidavit. Such motion, in pertinent part, reads as follows, to-wit:

"The defendant, Connie Ault, respectfully moves the Court to quash the affidavit herein, for the following reason, to-wit:

That the said Affidavit does not state the offense with sufficient certainty.

. . . .

The defendant attaches hereto and makes a part of this motion the following *MEMORANDUM*:

Abuse of a Child and Contributing to the Delinquency of a Minor are two (2) separate and distinct offenses found in Sections 10-812 and 10-815 of Burns' Indiana Statutes, annotated. The maximum penalty under each Section is a fine of $500.00 and/or six (6) months imprisonment.

However, under Section 10-815 wherein the penalty for Child Abuse is provided for, the Statute plainly requires that the act be performed by any parent, guardian, or person having the care, custody and control of any child.

The Affidavit filed herein does not set forth these requirements with sufficient certainty.

Further, inasmuch as the defendant is charged with two (2) separate offenses the said Affidavit is therefore bad for duplicity and a Motion to Quash is the proper remedy."

The State of Indiana filed a Motion In Opposition To Motion To Quash, such motion reads in pertinent part as follows, to-wit:

"The State of Indiana by Noble R. Pearcy, Prosecuting Attorney, Nineteenth Judicial Circuit of Indiana, respectfully moves the Court to overrule the defendant's Motion To Quash filed herein for the reason the offenses charged herein in the affidavit are stated with sufficient certainty and that there is no duplicity in the aforesaid affidavit.

. . . .

*Supporting Memorandum*

Within the Memorandum as such is made a part of and is filed with the defendant's Motion to Quash, the argument is presented that Section 10-815, Burns' Indiana Statutes, being Acts of 1945, ch. 218 § 4, p. 1011; Acts of 1963, ch. 114, § 1, p. 98, plainly requires that the prohibited 'act be performed by any parent, guardian, or person having the care, custody and control of any child' and that the instant affidavit herein does not set forth these supposed requirements with sufficient certainty.

The material part of said statute is now quoted:

'Any parent, guardian or person having the care, custody or control of any child who shall abuse, abandon, be cruel to or neglectful of any child, or *any person who shall abuse, be cruel to or neglectful of any child* shall be deemed to be guilty of "cruelty and neglect of children" . . . .' (Emphasis supplied)

Such statute, it is pointed out, is phrased and worded in the alternative. The underlined portion of the above quoted statute does not state that such person has to have the care, custody or control of any child. Nor need the actor be a parent, guardian or person having the care custody and control of a child. It is a basis (sic) requirement that criminal statutes be strictly construed. A strict construction here requires that the allegations of care custody and control are not requisite where the actor charged is not a parent, guardian or person having care, custody and control. Here the charge is in terms of ' . . or any person . .'.

There is no duplicity here for the reason that separate offenses are charged in separate counts in the affidavit. Moreover, nowhere is it made to appear where the purported duplicity exists with relation to the counts alleged.

It is urged that the within motion of the State of Indiana be granted and that the Motion To Quash of the defendant be overruled in all particulars."

Thereafter, on February 5, 1965, the Honorable Harold N. Fields, Judge, overruled appellant's Motion to Quash.

On February 9, 1965, appellant filed an Affidavit for Change of Venue from Judge. Such motion was granted. Appellant filed a written waiver of arraignment, entered a plea of not guilty and filed a written motion requesting trial by jury.

On February 15, 1965, the parties not having agreed upon a Special Judge, the following list was submitted: Keith Bulen, Ben Hatfield and Max McCausland. Parties were ordered to strike within ten days.

On February 19, 1965, Keith Bulen appeared and accepted appointment as Special Judge and sustained appellant's Motion for Jury Trial.

On October 11, 1965, appellant filed her waiver of trial by jury and moved for trial by the court.

October 18, 1965, trial was had to the court without the intervention of a jury. At the conclusion of the State's evidence the appellant moved for discharge on Count Nos. 1, 2, 3 and 4 on the grounds of insufficient evidence. The motion was sustained as to Count No. 2 and overruled as to Counts No. 1, No. 3 and 4. Further evidence was heard and concluded. At the conclusion of appellant's case the court found the defendant guilty as charged in Counts No. 1, No. 3 and No. 4. The appellant was sentenced to 30 days in the Marion County Jail on each count and fined $100.00 and costs on each count. Fine and costs were suspended on Counts No. 3 and No. 4.

November 10, 1965, appellant filed her motion for a new trial. Such motion reads in pertinent part as follows, to-wit:

"The defendant herein moves the Court for a New Trial, for each of the following reasons:

1. Irregularities in the proceedings of the Court and orders of the Court and abuse of discretion by which the defendant was prevented from having a fair trial, in this, to-wit:

a. The Court erred in overruling the defendant's Motion To Quash the affidavit.

b. The Court erred in overruling the defendant's motion, made at the opening of the trial, and before evidence was heard, to exclude all persons from the Courtroom who were not necessary for the trial of the case.

2. The finding of the Court is contrary to law.

3. The finding of the Court is not sustained by sufficient evidence."

Appellant's Motion for a New Trial was overruled on December 9, 1965. On January 3, 1966, appellant filed Praecipe for Transcript of the Entire Record. The transcript was filed in the office of the clerk of this Court on April 21, 1966.

Appellant's Assignment of Errors is the single specification, as follows:

"1. The court erred in overruling appellant's Motion For A New Trial."

Appellee contends in its post argument brief that the affidavit contains only one count charging two offenses. Separate and distinct offenses created by separate and distinct sections of the statute may not be joined in the same count. *Glaser* v. *State* (1932), 204 Ind. 59, 183 N. E. 33. The offense of contributing to the delinquency of a minor was created by Acts 1945, ch. 218, § 1, p. 1011, being § 10-812 Burns'. The offense of abuse of a child was created by Acts 1945, ch. 218, § 4, p. 1011, being § 10-815 Burns'.

In support of the validity of the affidavit appellee cites *Chambers* v. *State* (1937), 212 Ind. 667, 10 N. E. 2d 735; and *Barr* v. *State* (1933), 205 Ind. 481, 187 N. E. 259. Both of these cases may be distinguished from the case at bar. In the *Chambers* case the appellant was charged with perjury in an affidavit which enumerated several false statements. This Court held that the affidavit was not bad for duplicity because each of the offenses were violations of the same statute. In the *Barr* case the appellant was charged with assault and battery with intent to kill and with being an habitual criminal.

This Court held that only one crime was charged. The habitual criminal statute did not create a new defense. It merely prescribed increased punishment.

The Motion to Quash should have been sustained because of duplicity. The cause is reversed and remanded to the trial court with instructions to grant appellant's Motion for a New Trial and to sustain the Motion to Quash.

Arterburn, Hunter and Mote, JJ., concur.

Lewis, C. J., concurs in result.

NOTE.—Reported in 233 N. E. 2d 480.