NORTHERN INDIANA PUBLIC SERVICE COMPANY, Appellant (Intervenor-Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 25A03-8602-CV-61.

Court of Appeals of Indiana, Third District.

Feb. 25, 1987.
Rehearing Denied March 30, 1987.

William H. Eichhorn, James K. Morse, Eichhorn, Eichhorn & Link, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

The Northern Indiana Public Service Company (NIPSCO) presents a single issue for our review. That issue is whether NIPSCO is a private carrier under West's AIC 8-2-7-43.5. (Supp.1986).

Affirmed.

The stipulated facts underlying this appeal are that on April 2, 1985, Charles Lawrence, a NIPSCO employee driving a NIPSCO owned three axle tandem fuel truck, was issued a complaint and summons by an Indiana State Patrolman. NIPSCO's driver was cited for not having shipping papers for hazardous materials in violation of IC 8-2-7-43.5, which adopted 49 CFR 177.817 (private carriers of hazardous materials are required to have shipping papers). The material being transported was No. 2 diesel fuel and regular gasoline which was owned by NIPSCO for use in its equipment. NIPSCO intervened as a party defendant on September 4, 1985.

NIPSCO's argument is straightforward. To qualify as a private carrier under Indiana law, it argues that an entity must be transporting goods of another. *Smith v. State* (1927), 199 Ind. 217, 156 N.E. 513, 515 (private carrier does not comprehend one who is carrying his own property). In this instance, since NIPSCO was transporting its own property, it reasons that its fuel truck was not required to have shipping papers.

The State's counterargument is also straightforward. It points out that "private carrier" was defined as follows in 49 CFR 390.33(b), which was adopted by IC 8-2-7-43.5.

"... any person not included in the terms 'common carrier by motor vehicle' or 'contract carrier by motor vehicle,' who or which transports in interstate or foreign commerce by motor vehicle, property of which such person is the owner, lessee, or bailee, when such transportation is for the purpose of sale, lease, rent or bailment, or in furtherance of any commercial enterprise."

Under that definition, the State concludes that NIPSCO is a private carrier because it was transporting its property in furtherance of a commercial activity.

NIPSCO attacks that conclusion by arguing that the "commercial enterprise" language is merely catch-all terminology to include movements of hazardous materials that do not technically involve a sale, lease, rent or bailment. Citing the doctrine of *ejusdem generis* (general terms in a provision are limited by the preceding specific terms), NIPSCO urges us to adopt its interpretation that the catch-all "in furtherance of any commercial enterprise" language should be no broader than the category of preceding terms.

■ We are not persuaded by NIPSCO's contentions, however. While it is true that the doctrine of *ejusdem generis* can be an aid to statutory construction, its application is not mandatory. *Brook v. State* (1983), Ind.App., 448 N.E.2d 1249, 1252. Too, where a statute employs clear and unambiguous language, it is not open to construction, *Figg & Muller Engineers, Inc. v. Petruska* (1985), Ind.App., 477 N.E.2d 968, 971, *trans. den.*, and it would be inappropriate to apply the doctrine. In such instances, it is our duty to give effect to the plain meaning of the statute. *Indiana Collectors v. Conrad* (1984), Ind. App., 466 N.E.2d 768, 769, *trans. den.*

The instant statute is not unclear or ambiguous, and we will adhere to the presumption that the legislature intended to use the language it did. *R.L. v. State* (1982), Ind.App., 437 N.E.2d 482, 485. In the following language from the definition of private carrier, "for the purpose of sale, lease, rent or bailment, or in furtherance of any commercial enterprise," the word "or" is used in its inclusive sense.[1] This use does not render any portion of the statute meaningless, so the plain meaning of those words will be employed to give effect to the legislative intent. *Id; Brook, supra*, 448 N.E.2d at 1252.

 The legislative intent of 49 CFR 177.817 was expressed in 49 CFR 177.800 which identified the purpose of this part of the regulation as follows:

> To promote the uniform enforcement of law and to minimize the dangers to life and property incident to the transportation of hazardous materials ...

Certainly the dangers to life and property incident to the transportation of a hazardous material would be the same whether the carrier owned the cargo or not. The focus is on the potential for harm due to the hazardous nature of the cargo, and not on the party who owns it. For example, in a highway emergency involving hazardous materials, shipping papers can provide a means to quickly identify the nature of the cargo so that a response team can plan appropriate action to protect the public. In such an emergency, there is no difference in the need for this information based on who owns the hazardous material, and this regulation does not create one.

Moreover, 49 CFR 171.2, which lists the general requirements of hazardous materials regulation, provides further support for our conclusion that the definition of private carrier embraces NIPSCO. That section employs the following language, which

clearly reveals the Congressional intent behind these regulations:

> *No person* may transport a hazardous material in commerce unless that material is handled and transported in accordance with this subchapter, or an exemption under Subchapter B of this chapter.

49 CFR 171.2(b) (emphasis supplied).

 Thus, whenever hazardous materials are transported, unless an exemption exists, the transporter is subject to the precautions required by the federal regulations adopted by our statute.

Given our determination that the regulations in question have broad application, the trial court's judgment that NIPSCO is a private carrier for purpose of IC 8-2-7-43.5 is affirmed.

CONOVER and GARRARD, P.JJ., concur.

---

1. "Or" is used here as a conjunction which joins elements that are grammatically alike. When it is used in this way, the words following "or" must be parallel with some previous word or groups of words. Coordinate means of the same rank or of equal rank. Coordinate conjunctions are used to connect words, phrases, and clauses of equal rank. The statutory language here plainly means that any "commercial enterprise" comes within the statute. See: Bergen Evans and Cornelis Evans, *A Dictionary of Contemporary American Usage*, (1957); H. Shaw, *Errors in English and Ways to Correct Them*, (2nd Edition 1970).